IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

DOUGLAS RIDDLE,                                  )
                                                 )
              Plaintiff,                          )          Case No. 4:22-cv-00469-DGK
v.                                               )
                                                 )          JURY TRIAL DEMANDED
WELLS FARGO BANK, N.A.                           )
                                                 )
and                                              )
                                                 )
SPECIALIZED LOAN SERVICING                       )
                                                 )
and                                              )
                                                 )
TIMIOS, INC.                                     )
Serve Registered Agent:                          )
CSC-Lawyers Incorporating Service Company        )
221 Bolivar St.                                  )
Jefferson City, MO 65101                         )
and                                              )
                                                 )
FIDELITY NATIONAL TITLE INSURANCE )
COMPANY                                          )
Serve Registered Agent:                          )
CT Corporation System                            )
120 S. Central Ave.                              )
Clayton, MO 63105                                )
and                                              )
                                                 )
UNKNOWN HEIRS, DEVISEES,                         )
GRANTEES, ASSIGNS, DONEES,                       )
ALIENEES, LEGATEES,                              )
ADMINISTRATORS, EXECUTORS,                       )
GUARDIANS, MORTGAGEES, TRUSTEES, )
AND LEGAL REPRESENTATIVES, AND                   )
ALL OTHER PERSONS, CORPORATIONS, )
OR SUCCESSORS CLAIMING BY,                       )
THROUGH, OR UNDER THEM                           )
                                                 )
                                                 )
              Defendants.                         )

1

**PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR QUIET TITLE, DECLARATORY JUDGMENT, UNJUST ENRICHMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, VIOLATIONS OF FAIR DEBT COLLECTION ACT, SLANDER OF TITLE, AND OTHER RELIEF AGAINST DEFENDANTS WELLS FARGO BANK, N.A., SPECIALIZED LOAN SERVICING, TIMIOS, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY, AND UNKNOWNS**

COMES NOW Plaintiff Douglas Riddle, by and through his undersigned attorney, and does hereby state as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff, Douglas Riddle (hereinafter "Plaintiff"), a single person, is an individual residing in and owning real property in Kansas City, Jackson County, Missouri.

2.      Defendant Wells Fargo, N.A. (hereinafter "Wells Fargo") is a financial lending corporation doing business in Kansas City, Jackson County, Missouri and can be served at: CSC-Lawyers Incorporating Service Company, Registered Agent, 221 Bolivar Street, Jefferson City, MO 65101.

3.      Defendant Specialized Loan Servicing is an entity servicing loans and doing business in Kansas City, Jackson County, Missouri and can be served at: United Agent Group, Inc., Registered Agent, 12747 Olive Boulevard, #300, St. Louis, MO 63141.

4.      Defendant Timos, Inc., a/k/a Timios Title and Escrow is a foreign for profit corporation with principal offices in place of business in Westlake Village, California and is authorized to do business in Missouri, and can be served at: CSC-Lawyers Incorporating Service Company, Registered Agent, 221 Bolivar Street, Jefferson City, MO 65101.

2

5.     Fidelity National Title Insurance Company ("Fidelity") is a foreign insurance company with its principal place of business in Jacksonville, Florida, and is authorized to do business in Missouri, and can be served at: CT Corporation System, 120 S. Central Ave., Clayton, MO 63105.

6.     Plaintiff is the owner and occupant of real property described as follows:

> THE NORTH 28 FEET OF LOT 178, VOGLE HEIGHTS NO. 3, A SUBDIVISION IN KANSAS CITY, JACKSON COUNTY, MISSOURI

(hereinafter referred to as the "Property").

7.     The Property is commonly known as 4524 Bell Street, Kansas City, Jackson County, Missouri 64111.

8.     On or about May 4, 2004, Plaintiff along with his parents, Richard Allen Riddle and Diane Riddle, husband and wife, purchased the Property as joint tenants with rights of survivorship pursuant to Missouri Warranty Deed, recorded May 21, 2004 with the Jackson County Recorder of Deeds as Document # 2004K0033725 attached hereto as **Exhibit A**.

9.     Plaintiff, Richard, and Diane Riddle entered into a Promissory Note ("2004 Promissory Note"), attached hereto as **Exhibit B**, and Deed of Trust ("2004 Deed of Trust"), attached hereto as **Exhibit** C, for the purchase of the Property with Wells Fargo Bank N.A. on or about May 19, 2004 and recorded with the Jackson County Recorder of Deeds as Document # 2004K0033727.

10.     Richard and Diane Riddle entered into a Promissory Note with Wells Fargo for a Home Equity Loan on or about May 19, 2004 (2004 HELOC Note"), attached hereto as **Exhibit D**.

11.     Richard and Diane Riddle and Plaintiff executed a Deed of Trust for the Home Equity Loan that was recorded with the Jackson County Recorder of Deeds on May 21, 2004 as Document #2004K0033728, attached hereto as **Exhibit E**.

12.     Based upon information and belief, on or about January 28, 2014, Diane and Richard Riddle entered into a new Promissory Note ("2014 Promissory Note"), attached hereto as **Exhibit F**, with Wells Fargo in sum of $92,500.00.

13.     Based upon information and believe, on or about January 28, 2014, Diane and Richard executed a new Deed of Trust recorded with the Jackson County Recorder of Deeds as Document No. 2014E0009733 on February 6, 2014 ("2014 Deed of Trust"), attached hereto as **Exhibit G**.

14.     A Deed of Release for the 2004 Deed of Trust Doc. #2004K0033727 was executed by Wells Fargo, NA and recorded with the Jackson County Recorder of Deed as Document No. 2014E0013074 on February 19, 2014, attached hereto as **Exhibit H**.

15.     The Deed of Release satisfied and released the 2004 Promissory Note and 2004 Deed of Trust to which Plaintiff was a party.

16.     Plaintiff had no participation or knowledge as to the actions of Diane Riddle and Richard Riddle as to the 2014 transactions.

17.     Timios, Inc., a/k/a Timios Title and Escrow ("Timios") is a for profit company with its principal place of business in Westlake Village, California and is authorized to do business in Missouri, as agent for Fidelity National Title Insurance Company ("Fidelity") is a foreign insurance company with its principal place of business in Jacksonville, Florida, and is authorized to do business in Missouri, provided a title commitment and title insurance,

4

attached hereto as **Exhibit I**, to Wells Fargo for the 2014 Promissory Note and 2014 Deed of Trust.

18.     Timios listed Plaintiff as an owner of the Property at the time of closing.

19.     Timios and Fidelity had actual knowledge that Plaintiff was an owner of the Property along with Richard and Diane Riddle as joint tenants.

20.     Wells Fargo had actual notice that Plaintiff was an owner of the Property and was not a party to the 2014 Promissory Note and 2014 Deed of Trust.

21.     Wells Fargo closed on the loan to Diane Riddle and Richard Riddle with actual knowledge that Plaintiff was an owner of the Property as a joint tenant and was not a party to the 2014 Promissory Note and 2014 Deed of Trust.

22.     Timios and Fidelity closed on the 2014 Transaction and issued a lender's title policy to Wells Fargo with actual knowledge that Plaintiff was an owner with joint tenancy with the borrowers under the 2014 Promissory Note and 2014 Deed of Trust.

23.     Timios and Fidelity closed the 2014 Transaction and issued a lender's title policy to Wells Fargo with actual knowledge that Plaintiff was an owner in joint tenancy to the Property subject to the 2014 Deed of Trust, and that Plaintiff was not a party to the 2014 Promissory Note and 2014 Deed of Trust.

24.     Plaintiff did not execute the Original Promissory Note.

25.     Plaintiff did not execute the 2014 Promissory Note.

26.     Plaintiff did not execute the 2014 Deed of Trust.

27. On July 18, 2019, Diane Riddle, a single person and surviving spouse of Richard A. Riddle executed a Quit-Claim Deed to Plaintiff for any interest she may have in the Property, attached hereto as **Exhibit J**.

28. Richard Allen Riddle died on July 14, 2019.

29. Diane Marie Riddle died on February 13, 2020.

30. Plaintiff's interest in the Property is that of the sole and only fee simple owner of the Property.

31. Based upon information and belief, Defendant SLS was assigned as servicer of the 2014 Deed of Trust, attached hereto as **Exhibit K**.

32. Based upon information and belief, Defendant SLS was assigned the 2014 Promissory Note and 2014 Deed of Trust after Defendant Wells Fargo initiated a probate action for Diane Riddle.

33. At the time Defendant Wells Fargo assigned the 2014 Deed of Trust and 2014 Promissory Note to Defendant SLS, both Defendant Wells Fargo and Defendant SLS had actual knowledge that the borrowers under the 2014 Promissory Note and signers of the 2014 Deed of Trust were deceased.

34. At the time Defendant Wells Fargo assigned the 2014 Deed of Trust and 2014 Promissory Note to Defendant SLS, both Defendant Wells Fargo and Defendant SLS had actual knowledge that Plaintiff Douglas Riddle was and had been an owner with joint tenancy to the Property and was not a party or borrower under the 2014 Promissory Note and 2014 Deed of Trust.

35.     The rightful holder of the 2014 Deed of Trust maintains no security interest senior to the fee interest of Plaintiff in the Property.

36.     The rightful holder of the 2014 Deed of Trust purporting to secure Diane and Richard Riddle's interest in the Property, if any, is invalid as Plaintiff did not agree to the 2014 Promissory Note and 2014 Deed of Trust.

37.     In the alternative, the rightful holder of the 2014 Deed of Trust purporting to secure Diane and Richard Riddle's interest in the Property, if any, was terminated upon Richard and Diane Riddle's death.

38.     The rightful holder of the HELOC Deed of Trust maintains no security interest senior to the fee interest of Plaintiff in the Property.

39.     The rightful holder of the HELOC purporting to secure Diane and Richard Riddle's interest in the Property and obligation under the HELOC note, if any, was terminated upon Richard and Diane Riddle's death.

40.     Defendants Wells Fargo and SLS have initiated a probate action for the Estate of Diane Marie Riddle in Case No. 22ND-PR00010 in the Circuit Court of Nodaway County, Missouri, Probate Division to collect on its claims for sums due under the HELOC Note and the 2014 Promissory Note.

41.     Since Plaintiff became aware of Defendants Wells Fargo and SLS's claims in and to the Property, Plaintiff has attempted to obtain homeowner's insurance on the Property but has been unable to due to the claims of Defendants Wells Fargo and SLS leaving Plaintiff, the Property, Plaintiff's personal property, and liability left without adequate protection of insurance.

42.     Defendants Wells Fargo and SLS, and each of them, through themselves or their agents, successors and/or assigns have continuously harassed, bothered, threatened Plaintiff through their actions of persons coming onto Plaintiff's Property and making statements and allegations, through letters, telephone calls to Plaintiff's personal phone, sending mail and making calls and personal contact continually bringing up Plaintiff's deceased parents and his loss thereof.

43.     Defendants Wells Fargo and SLS, and each of them, have failed and refused to provide any information to Plaintiff as Plaintiff is not on the loans Defendants are claiming are due from Plaintiff's deceased parents and Plaintiff because Plaintiff is not a borrower on any of the loans.

44.     Defendants Wells Fargo and SLS, and each of them, have continued, through the date of this filing called, mailed, harassed, threatened (including threats to have the sheriff come over right away and take him from his home), bothered, and disturbed Plaintiff with the knowledge that Plaintiff is neither the legal representative of the Estate of Diane Riddle, Plaintiff is not a borrower under the 2014 Promissory Note and 2014 Deed of Trust, that the borrowers of the 2014 Promissory Note and 2014 Deed of Trust are and have been deceased, that Plaintiff is and has been represented by counsel.

45.     Defendants Wells Fargo and SLS, and each of them have continued the above-described actions with knowledge that Plaintiff and Plaintiff's counsel have repeatedly requested that Defendants Wells Fargo and SLS, and each of them, through themselves or their agents, successors, assigns, or third parties cease said actions.

8

46.     Defendants Wells Fargo and/or SLS have made reports to credit bureaus as to Plaintiff's credit thereby destroying his credit and ability to borrow money or take out loans.

47.     The actions of Defendants Wells Fargo, SLS, Timios, and Fidelity have created a cloud on the title to Plaintiff's Property and amount to slander of title.

## Count I – Quiet Title

COMES NOW, Plaintiff Douglas Riddle, and for Count I of his Complaint against Wells Fargo N.A. and Specialized Loan Servicing states:

48.     Plaintiff includes herein by reference each and every allegation contained in this Complaint.

49.     Plaintiff is the sole owner in fee simple of and to the Property.

50.     Defendants may claim some interest in and to said Property, the nature and extent of which are unknown to Plaintiff at this time.

51.     That any of the Defendants, known or unknown, may claim some interest in and to said Property, the nature and character of which is unknown to Plaintiff and cannot be described herein except that said claim(s) would be adverse and prejudicial to the interests claimed by the Plaintiff in and to the fee simple ownership of the Property.

52.     Plaintiff is the owner of the Property free of any interest maintained or claimed by Defendants.

53.     The interest Wells Fargo and SLS claim in the Property was released by Defendants' own instrumentality.

54.     Since the acquisition of the Property Plaintiff has made improvements and expended monies in and to the Property.

9

55. Since the acquisition of the Property by Plaintiff, the Property has appreciated in value.

56. Defendants appear to maintain some form of claim against the Property Plaintiff's ownership thereof.

57. Pursuant to R.S.Mo. § 527.150, this Court has the jurisdiction to determine the respective claims in and against the Property maintained by Plaintiff and Defendants Wells Fargo and SLS.

58. Plaintiff owns the Property and Defendants maintain no interest in and to the Property.

WHEREFORE, Plaintiff Douglas Riddle prays that this Court ascertain and determine the estate, title and interest of the parties, Plaintiff and Defendants herein, severally and to the Property and to define, adjudge and order by way of its judgment and decree that Plaintiff is the sole fee simple owner of, in and to said Property, free and clear of any Deed of Trust or any other interests the Defendants may claim to the Property, and that Defendants nor any of them or anyone for them or in their behalf have any rights, title, or interest in and to the Property; and that any and all Defendants, or any of them or anyone for them or in their behalf be forever enjoined and restrained from asserting, claiming, or setting up any right, title or interest in and to the Property; for Plaintiff's costs expended herein, for expenses and attorneys as may be allowed in law or in equity; and for such other and further relief as the Court deems just, proper, and equitable.

## Count II – Declaratory Judgment

10

COMES NOW, Plaintiff Douglas Riddle, and for Count II of his Complaint against Defendants Wells Fargo and Specialized Loan Servicing states:

59.     Plaintiff includes herein by reference each and every allegation contained in this Complaint.

60.     Count II of Plaintiff's Complaint is brought pursuant to Supreme Court Rule 87.02(a) and §527.150 R.S.Mo. which allows this Court to declare the rights of the parties herein in and to the Property.

61.     Plaintiff is the fee owner of the Property.

62.     The Release of the Original Deed of Trust, the execution of the HELOC Promissory Note, the 2014 Promissory Note, and 2014 Deed of Trust, and the deaths of Diane and Richard Riddle are not valid encumbrances on the Property.

63.     Plaintiff has no obligation to pay the obligations of Richard Riddle and Diane Riddle.

64.     However, upon information and belief, Defendants claim or may claim an interest in the Property superior to Plaintiff.

65.     A real, subsisting, and justiciable controversy exists between the parties hereto concerning the effect of the HELOC Deed of Trust, the 2014 Promissory Note, and the 2014 Deed of Trust and whether Defendants have or hold any claim, interest, or right to the Property superior to Plaintiff.

66.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff Douglas Riddle, prays this Court for a Judgment, Order and Decree in favor of Plaintiff and against the aforementioned Defendants, as follows:

a. Declaring, adjudging, and decreeing that Plaintiff has no obligation to pay the HELOC promissory note; and the failure of Defendants to redeem their interests, if any, in the Property in a timely manner and prior to the deaths of Richard and Diane Riddle, extinguished the interests of Defendants, if any, in the Property;

b. Declaring, adjudging, and decreeing that Plaintiff is the owner of the Property in fee simple, unencumbered by any deeds of trusts, mortgages, leases, liens, claims, or encumbrances of the Defendants;

c. Ordering, adjudging, and decreeing that Defendants Wells Fargo Bank, N.A., Specialized Loan Servicing, and any unknown and unnamed Defendants who are unknown and unnamed persons or entities who hold unrecorded interests or who are the heirs, grantees, successors of Richard Riddle and Diane Riddle, or any persons or entities who have, claim to have, or appear of record as having an interest, deed of trust, mortgage, lease, lien, claim, title, or estate in the Property and the improvements thereon, be forever enjoined and estopped from asserting any right, title or interest in or to the Property superior to that of Plaintiff Douglas Riddle; and

d. Awarding Plaintiff Douglas Riddle such other and further relief as this Court deems just and proper under the circumstances.

## Count III – Unjust Enrichment

COMES NOW, Plaintiff Douglas Riddle, and for Count III of his Complaint against Defendants Wells Fargo and Specialized Loan Servicing states:

67.    Plaintiff includes herein by reference each and every allegation contained in this Complaint.

68.    Since the acquisition of the Property, Plaintiff has made improvements and expended monies

69.    Since the acquisition of the Property, Plaintiff has made improvements and expended monies in and to the Property.

70.    Since the acquisition of the Property by Plaintiff, the Property has appreciated in value.

71.    In the event Defendants, or either of them, should prevail in asserting any claim against Plaintiff or the Property, Defendants, or either of them, will be conferred a benefit in the form of the Property owned, improved by Plaintiff, and a Property which will have appreciated in value during Plaintiff's ownership of the Property.

72.    All the time that Plaintiff has owned the Property, Defendants, and each of them, have sat on whatever rights they think they have, just waiting for the Property to appreciate in value due to the passage of time, rise in market value and demand and the improvements made to the Property by Plaintiff.

73.    In the event Defendants, or either of them, would prevail their claims against Plaintiff and the Property, Defendants, or either of them, will realize, receive, and appreciate the benefits so conferred to the value of the Property as above described.

74.    In the event Defendants, or either of them, would prevail their claims against Plaintiff and the Property, Defendants, or either of them, will receive and accept the benefits of increased value conferred to the Property by Plaintiff under circumstances where it would

be unjust and/or inequitable for Defendants, and each of them, to receive such benefits without paying Plaintiff therefore.

75.    Defendants have title insurance covered by the lender's policy issued by Defendants Timios and Fidelity.

WHEREFORE, Plaintiff Douglas Riddle, prays for a judgment in his favor and against Defendants Wells Fargo and Specialized Loan Servicing in the form of an Order and Judgment of this Court:

A. That the Promissory Notes, Deeds of Trust and/or any interest claimed maintained by Defendants be and are junior and subordinate to the amount of monies expended by Plaintiff in the Property since his ownership and junior and subordinate to the value of the appreciation in the market value of the Property since Plaintiff acquired the Property, and

B. In the alternative, any purported claims Defendants may succeed in claiming against the Property be offset by the improvements and appreciation in value of the Property and any and all damages Plaintiff has suffered as a result of the actions of Defendants, or either of them, or on their behalf,

C. For such sum as the Court deems sufficient, just, and reasonable to compensate Plaintiff for the unjust enrichment conferred upon and received by the Defendants.

D. for costs of this action and for such other and further form of relief as the Court deems just and proper.

**Count IV - Intentional Infliction of Emotional Distress**

14

COMES NOW, Plaintiff Douglas Riddle, and for Count IV of his Complaint against Defendants Wells Fargo and Specialized Loan Servicing states:

76.     Plaintiff includes herein by reference each and every allegation contained in this Complaint.

77.     Defendants and each of them have continually called Plaintiff at least hundreds of times on Plaintiff's personal cell phone, often several times per day, demanding payment from Richard and Diane Riddle.

78.     Defendants and each of them have continually sent Plaintiff at least hundreds of times on Plaintiff's residence, addressed to and demanding payment from Richard and Diane Riddle who never resided at the Property

79.     Defendants and each of them have had individuals come onto Plaintiff's Property, known on the door, demand payment, photograph Plaintiff and his property, trespass on this property, and many other encounters on Plaintiff's Property.

80.     The above actions have all been conducted since Plaintiff lost both his mother and father, Richard and Diane Riddle.

81.     Plaintiff has repeatedly advised that both Richard and Diane Riddle are deceased to Defendants or their agents via telephone, written correspondence through counsel, and in person when on or near the Property.

82.     Plaintiff has repeatedly asked Defendants and each of them and their agents to cease the conduct and advised that he was suffering distress therefrom.

83.     Defendants and each of them acted intentionally or recklessly.

84.     The conduct of Defendants and each of them was extreme and outrageous.

85.     The conduct of Defendants and each of them has caused severe emotional and mental distress to Plaintiff resulting in bodily harm.

WHEREFORE, Plaintiff Douglas Riddle, prays for a judgment in his favor and against Defendants Wells Fargo and Specialized Loan Servicing for damages for the intentional emotional and mental distress suffered by Plaintiff Douglas Riddle as a result of the actions of Defendants, jointly and severely, for costs of this action and for such other and further form of relief as the Court deems just and proper.

## Count V – Negligent Infliction of Emotional Distress

COMES NOW, Plaintiff Douglas Riddle, and for Count V of his Complaint against Defendants Wells Fargo and Specialized Loan Servicing states:

86.     Plaintiff includes herein by reference each and every allegation contained in this Complaint.

87.     Defendants and each of them have continually called Plaintiff at least hundreds of times on Plaintiff's personal cell phone, often several times per day, demanding payment from Richard and Diane Riddle.

88.     Defendants and each of them have continually sent Plaintiff at least hundreds of times to Plaintiff's residence, addressed to and demanding payment from Richard and Diane Riddle who never resided at the Property.

89.     Defendants and each of them have had individuals come onto Plaintiff's Property, knock on the door, demand payment, photograph Plaintiff and his property, trespass on this property, and many other encounters on Plaintiff's Property.

90.     The above actions have all been conducted since Plaintiff lost both his mother and father, Richard and Diane Riddle.

91.     Plaintiff has repeatedly advised that both Richard and Diane Riddle are deceased to Defendants or their agents via telephone, written correspondence through counsel, and in person when on or near the Property.

92.     Plaintiff has repeatedly asked Defendants and each of them and their agents to cease the conduct and advised that he was suffering distress therefrom.

93.     Defendants and each of them should have realized their conduct, or that of their agents, involved an unreasonable risk to Plaintiff.

94.     The conduct of Defendants and each of them has caused severe emotional and mental distress to Plaintiff resulting in bodily harm.

WHEREFORE, Plaintiff Douglas Riddle, prays for a judgment in his favor and against Defendants Wells Fargo and Specialized Loan Servicing for damages for the negligent emotional and mental distress suffered by Plaintiff Douglas Riddle as a result of the actions of Defendants, jointly and severely, for costs of this action and for such other and further form of relief as the Court deems just and proper.

## Count VI – Slander of Title

COMES NOW, Plaintiff Douglas Riddle, and for Count VI of his Complaint against Defendants Wells Fargo, Specialized Loan Servicing, Timios, and Fidelity states:

95.     Plaintiff includes herein by reference each and every allegation contained in this Complaint.

96.     Defendants Wells Fargo and SLS make a claim of interest in and superior to Plaintiff's interest and ownership in the Property.

97.     Defendant SLS is attempting to quiet title, obtain declaratory judgment, and foreclose on Plaintiff's Property disputes it knowledge that the borrowers under the 2014 Promissory Note and Deed of Trust and, and were, deceased at the time Defendant SLS accepted the assignments from Defendant Wells Fargo.

98.     Defendants Wells Fargo and SLS have made false statements or words regarding title to the Property.

99.     Defendants Wells Fargo and SLS have and had malice in the publication of such false statements and words.

100.    Plaintiff Douglas Riddle has suffered injury as a result of Wells Fargo and SLS's slander of title to the Property.

101.    Defendants Timios and Fidelity had knowledge that Plaintiff was an owner and joint tenant of the Property at the time they closed on the 2014 Promissory Note and 2014 Deed of Trust as to Plaintiff's Property.

102.    Defendants Timios and Fidelity had knowledge that Plaintiff was not a party to the closing or 2014 Promissory Note and Deed of Trust.

103.    Defendants Timios and Fidelity issued a title policy with said knowledge and made false words and/or statements as to the title to Plaintiff's Property.

104.    Defendants Timios and Fidelity have and had malice in the publication of such false statements and words.

18

105.    Plaintiff Douglas Riddle has suffered injury as a result of Timios and Fidelity's slander of title to the Property.

WHEREFORE, Plaintiff Douglas Riddle, prays for a judgment in his favor and against Defendants Wells Fargo, Specialized Loan Servicing, Timios, and Fidelity for damages for the injury suffered by Plaintiff Douglas Riddle as a result of the actions of Defendants, jointly and severely, for slander of title to the Property, for costs of this action and for such other and further form of relief as the Court deems just and proper.

## Count VII – Violations of the Fair Debt Collection Practices Act

COMES NOW, Plaintiff Douglas Riddle, and for Count VII of his Complaint against Defendants Wells Fargo and Specialized Loan Servicing states:

106.    Plaintiff includes herein by reference each and every allegation contained in this Complaint.

107.    Defendant Wells Fargo is a debt collector under the Fair Debt Collection Practices Act ("FDCPA").

108.    Defendant SLS is a debt collector under the Fair Debt Collection Practices Act.

109.    Diane Riddle and Richard Riddle, deceased, were borrowers under the Fair Debt Collection Act under the 2004 Promissory Note and Deed of Trust and the 2014 Promissory Note and Deed of Trust.

110.    At all times relevant, Douglas Riddle was an owner as a joint tenant of the Property subject to the 2004 Promissory Note and Deed of Trust that was released in 2014.

111.   At all times relevant, Douglas Riddle was an owner of the Property as a joint tenant when Wells Fargo loaned, and Richard and Diane Riddle signed the 2014 Promissory Note and 2014 Deed of Trust without the knowledge or consent of Douglas Riddle.

112.   At all times relevant, Defendants Wells Fargo and SLS had actual knowledge that Plaintiff was an owner as joint tenant and subsequently the fee simple owner to the Property.

113.   Plaintiff is a natural person who is harmed by violations of the FDCPA.

114.   The 2014 Deed of Trust and Promissory Note arise out of a transaction for personal, family, or household purposes, i.e.., a second home rider entered into by Richard and Diane Riddle with Wells Fargo in 2014 to the exclusion and without the knowledge of Plaintiff.

115.   Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys have been and continue to attempt to collect a debt against Plaintiff and his Property.

116.   Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys have violated, by act or omission, a provision of the FDCPA.

117.   The actions to collect the debt by Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys were and are deceptive and misleading.

118.   Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys failed to exercise reasonable care in assessing the facts that led them to connect Plaintiff with the alleged debt.

119.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys falsely represented the character or status of a debt in violation of the FDCPA.

120.    Defendants Wells Fargo and SLS have acknowledged that Plaintiff was not a party to the 2014 Promissory Note and 2014 Deed of Trust.

121.    Defendants Wells Fargo and SLS had actual knowledge that Plaintiff was not a party or borrower under the 2014 Promissory Note and 2014 Deed of Trust.

122.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys made unsubstantiated representations about owing a debt to Plaintiff.

123.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys made and continue to make deceptive representations about future calls to Plaintiff.

124.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys made false and misleading representations to Plaintiff in connection with attempt to collect and/or enforce a debt.

125.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys made unlawful location communications and multiple communications in violation of the FDCPA.

126.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys made unlawful communications at unusual and/or inconvenient times and places.

127.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys made unlawful third-party communications.

128.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys failed to cease communications.

129.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys made annoying, abusive, and/or harassing telephone calls to Plaintiff.

130.    Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys violated the FDCPA as above described, with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

131.    In each instance within five (5) years preceding the filing of this Amended Complaint, in which Defendants Wells Fargo and SLS on their own behalf, through agents, third parties, and attorneys failed to comply with the FDCPA in one or more ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

WHEREFORE, Plaintiff prays the Court:

1.  Enter judgment against Defendants Wells Fargo and SLS and in favor of Plaintiff for each violation alleged in this Complaint;

2.  Enter judgment to prevent future violations by Defendants Wells Fargo and SLS;

3.  Award such relief as the Court finds necessary to redress the injury to Plaintiff and protection future individuals/consumers resulting from Defendants Wells Fargo and SLS's violations, including but not limited to rescission or reformation of contracts, restitution, refund of monies paid, and the disgorgement of ill-gotten monies.

4. Award Plaintiff money civil penalties for each violation of the FDCPA occurring within five (5) years preceding the filing of this Complaint, and continuing to occur during the pendency of this Complaint; and

5. Award Plaintiff damages, attorney fees, if applicable, the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Douglas Riddle and hereby demands a trial by jury on all triable issues.

Respectfully submitted,

/s/ Michelle W. Burns
Michelle W. Burns MO #55751
BURNS LAW, LLC
430 E. Santa Fe Street, Suite 100-B
Olathe, Kansas 66061
Telephone:    (913) 396-5103
michelle@burnslawkc.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with this Court via the CM/ECF System which sent notification of such filing to all counsel of record, on this 19th day of January 2023, to:

Michael L. Jente MO#62980
Jacqueline K. Graves MO#64875
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
Telephone: 314-444-7600
Fax: 314-612-7675
mjente@lewisrice.com
jgraves@lewisrice.com

23

ATTORNEYS FOR
SPECIALIZED LOAN SERVICING, LLC

Stephen J. Moore MO#58100
Carolyn J. Geoghegan MO #59865
GALLOWAY JOHNSON TOMPKINS
BURR & SMITH, A PLC
222 S. Central Avenue, Suite 1110
St. Louis, MO 63105
Telephone: 314-725-0525
Facsimile: 314-725-7150
smoore@gallowaylawfirm.com
cgeoghegan@gallowaylawfirm.com
ATTORNEYS FOR
SPECIALIZED LOAN SERVICING, LLC

William Easley
BRYAN CAVE LEIGHTON PAISNER LLP
1200 Main Street Suite 3800
Kansas City, MO 64105
816-374-3200 Telephone
Will.easley@bclplaw.com
ATTORNEYS FOR WELLS FARGO BANK, N.A.

Branch M. Sheppard
1301 McKinney Street, Suite 1400
Houston, TX 77010
bsheppard@gallowaylawfirm.com
ATTORNEY FOR
SPECIALIZED LOAN SERVICING, LLC

s/ Michelle W. Burns
Michelle W. Burns

## VERIFICATION

I, Douglas Riddle, do hereby verify that I have read the above Verified Petition and that the information contained therein is true and correct to the best of my knowledge and belief

**Douglas Riddle**

Missouri **State of**

**.ss(**

Jackson **County of**

Subscribed before me, a Notary Public this 5th day of January, 2023

**Notary Public**

4/3/ 2026 **:My Commission Expires**

HENRY SANTOS
Notary Public-Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires 4/3/2026
Commission # 22207631