# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

DOUGLAS RIDDLE,              )
                                  )
           Plaintiff,          )
                                  )
           v.                     )     No. 4:22-cv-00469-DGK
                                  )
WELLS FARGO BANK, N.A., et al.,    )
                                  )
           Defendants.      )

## ORDER GRANTING IN PART DEFENDANTS' MOTIONS FOR SANCTIONS

This case involves a dispute over a residential property in Kansas City, Missouri. Plaintiff Douglas Riddle alleges that Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Specialized Loan Servicing ("SLS") improperly tried to enforce notes and deeds of trust to a property he rightfully owns free and clear. Plaintiff filed a lawsuit in state court, which was removed. Plaintiff's amended complaint alleges seven claims against Defendants, including: (1) quiet title; (2) declaratory judgment; (3) unjust enrichment; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) slander of title; and (7) violations of the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 40.

The Court previously granted Defendants' motions to compel interrogatory and document request responses from Plaintiff. ECF No. 105. When the Court granted the motions, it invited Defendants to file motions for sanctions under Federal Rule of Civil Procedure 37(a)(5)(A). *Id.*

Defendants have done so. ECF Nos. 113–14. In their motion, they not only seek attorneys' fees for the motion to compel process, but they also seek to bar Plaintiff from

introducing evidence on certain subjects because they claim his Court-ordered responses remain deficient. Plaintiff opposes both forms of sanctions. ECF Nos. 117–18.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motions for sanctions. Plaintiff's attorney, Ms. Michelle Burns, is ORDERED to attorneys' fees in the amount of $4,422 to Wells Fargo and $8,296.70 to SLS. Ms. Burns shall make these payments within sixty (60) days of this Order. Additionally, Plaintiff is ORDERED to supplement his discovery responses as specified below. Finally, the Court will amend the scheduling order via a separate order and allow Defendants to pursue additional discovery against Plaintiff and any third parties.

## Background

On January 9, 2023, Wells Fargo served its first requests for production. *See* ECF No. 34. In relevant part, Wells Fargo requested documents supporting Plaintiff's complaint allegations as well as documents substantiating his damages requests. *See* Plaintiff's Responses to Wells Fargo's RFPs 13 & 15, ECF No. 95-1 at 9–10. On March 15, 2023, Plaintiff responded that all responsive documents had been produced or properly withheld on privilege grounds. *Id.*

On January 9, 2023, Wells Fargo also served interrogatories seeking information about the instances where Defendants caused Plaintiff to suffer mental or emotional distress. *See* Plaintiff's Responses to Wells Fargo's Interrogatories 7–9, ECF No. 95-2 at 8–10. On March 15, 2023, Plaintiff responded that he has received hundreds or thousands of calls about the deed and note and sometimes the callers say they are calling on behalf of Defendants. *Id.* He also claimed that people are coming to his property to threaten him with foreclosure, to post notices, and to take pictures. *Id.* Plaintiff incorporated the same response for two other interrogatories. *Id.*

2

On April 11, 2023, SLS served its first set of interrogatories and requests for production. *See* Plaintiff's Responses to SLS's Interrogatories and RFPs, ECF No. 96-4. SLS's interrogatories sought information related to who helped him draft the responses, instances where he suffered emotional distress, facts supporting the alleged emotional distress, information about doctor's who have treated his emotional distress-related issues, recordings of phone calls from SLS, and provisions of the FDCPA that SLS allegedly violated. *See id.* On May 12, 2023, Plaintiff responded to these interrogatories with largely incomplete or nonresponsive answers. *Id.* For SLS's requests for production, Plaintiff claimed that he produced all responsive, non-privileged documents. *Id.* But SLS claims that no such documents were produced.

On June 7, 2023, the Court granted Plaintiff's motion to amend the scheduling order. ECF No. 86. In relevant part, this extended the discovery motion and discovery deadlines respectively to July 17th and 24th. *Id.* Although the Court acknowledged the unfortunate nature of Plaintiff's counsel's family emergencies, it also recognized that she has not been diligent in prosecuting the case or asking to move the deadlines. *Id.* It also noted that the deadlines would not be extended further. *Id.*

On June 21, 2023, Plaintiff was deposed. Plaintiff testified that he has credit reporting documents, loan agreements, and medical insurance records that support his allegations. Plaintiff's Deposition, ECF No. 95-3 at 158–59, 162–68, 173–84. And although Plaintiff agreed at his deposition to produce those documents, *id.* at 141–142, 194–95, 220, they were not produced. Plaintiff also testified that he could not identify any specific calls from SLS. *Id.* at 128. He subsequently produced a call log that identified one number, but it failed to state who the caller was, whether he spoke to anyone, and if he suffered emotional distress from that call.

Wells Fargo and SLS both tried to confer with Plaintiff's counsel on these issues, but she never responded. On July 11, 2023, with the discovery motion deadline rapidly approaching, SLS and Wells Fargo contacted the Court to set a discovery dispute teleconference pursuant to Local Rule 37.1. That same day, the Court set a hearing for July 19, 2023. On July 11 and 12, 2023, the Court ordered Defendants to file briefs by July 14, 2023, Plaintiff to file his responses by 12PM on July 17, 2023, and Defendants to reply by 12PM on July 18, 2023. ECF Nos. 93–94. The Court made clear it may rule without holding a teleconference. *Id.*

On July 14, 2023, Defendants timely filed motions to compel discovery as their opening briefs. ECF Nos. 95–96. On July 17, 2023, the day Plaintiff's brief was due, he served supplemental responses to Defendants' interrogatories and requests for production. ECF No. 100-5. Less than an hour before Plaintiff's brief was due, he moved to extend the deadline to 4PM. ECF No. 98. Despite Plaintiff's brinksmanship, the Court granted his request to ensure that this dispute was fully resolved on the merits.

After reviewing the briefing, the Court cancelled the teleconference and ruled on the existing record.[1] The Court granted the motions to compel and ordered Plaintiff to supplement his discovery responses within fourteen days. ECF No. 105. In so doing, the Court also found that Plaintiff had provided some discovery responses *after* Defendants filed their motion to compel. *Id.* at 4. At the end of its order, the Court found that it was "troubled by Plaintiff and his counsel's discovery conduct," including that Plaintiff "provided patently deficient discovery

---

[1] Motions to compel discovery are not allowed under Local Rule 37.1 until after the Court holds a discovery dispute teleconference. Here, both SLS and Wells Fargo provisionally filed one to ensure they were timely under the scheduling order since the discovery motion deadline (July 17th) was before the date of the call (July 19th). Given this unique timing and given the cancellation of the hearing, the Court finds that the motions are proper here. But this ruling should not be read as an endorsement of filing motions to compel discovery before discovery teleconferences in the future; it was simply appropriate in this narrow circumstance.

responses, refused to confer with Defendants to resolve the issue, and only supplemented his responses the day his discovery dispute brief was due." *Id.* at 6. The Court further found that even after supplementing his responses, "several of Plaintiff's supplemental responses were *still* deficient." *Id.* at 7. Based on this record, the Court invited Defendants to file a short motion for sanctions if they wished to pursue them. *Id.* at 7.

After the Court's order, Plaintiff served supplemental responses to the highlighted requests for production and interrogatories. Defendants then timely filed the instant motions, which are now ripe for review.

## Standard

Federal Rule of Civil Procedure 37(a)(5)(A) states, in relevant part, that if the Court grants a motion to compel discovery or the requested discovery is produced after the motion is filed, then the Court must award the movant its "reasonable expenses in making the motion." The Court can require the litigant, his attorney, or both to pay any such award. Fed. R. Civ. P. 37(a)(5)(A).

The Court, however, cannot award reasonable expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

## Discussion

Defendants not only seek an award of attorneys' fees related to their successful motions to compel, but they also seek an order barring Plaintiff from introducing certain evidence because they claim that his Court-ordered supplemental responses are still deficient. The Court addresses

5

the propriety of monetary sanctions before addressing whether the supplemental discovery responses are still deficient.[2]

## I.     Defendants are entitled to attorneys' fees.

Defendants argue that they are entitled to reasonable attorneys' fees because Plaintiff produced documents in response to the filing of their motions and because the Court granted the motions. As a result, Wells Fargo seeks $4,422 and SLS seeks $9,811.90. Plaintiff contests both the propriety and amount of attorneys' fees. The Court addresses Plaintiff's arguments that attorneys' fees are not warranted before addressing the amount of such fees.

### A.     Attorneys' fees are required under Rule 37(a)(5)(A).

Plaintiff argues that attorneys' fees are not warranted because (1) he did not violate a Court order; (2) the Court did not order supplemental responses on three of SLS's requests; and (3) Ms. Burn's personal problems prevented her and Plaintiff from timely and properly responding to discovery; and (4) Defendants have not been prejudiced by Plaintiff's failures.

Plaintiff's arguments are meritless. The first two arguments have no legal support. A court order need not be violated for sanctions to be imposed under Rule 37(a)(5)(A); it is automatically triggered by (1) a nonmovant supplementing discovery in response to a motion to compel discovery, *or* (2) a court granting the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). Both prongs were triggered here. It is undisputed that Plaintiff provided supplemental discovery

---

[2] Before delving into the analysis, the Court must note Ms. Burns' briefing on behalf of Plaintiff fell well below acceptable standards. For most of the briefs, she did not cite relevant or supportive caselaw or rules. The briefs contained entire passages that were incoherent and others that were nothing more than citations to documents. They also contained references to stipulations and evidence that Plaintiff proceeded to "incorporate" by reference into her discovery responses. None of this was proper and, taken together, it appears that Ms. Burns' briefs—much like Plaintiff's discovery responses—were intentionally vague, evasive, and vexatious. In future filings, Ms. Burns shall cite controlling law and only make coherent arguments supported by facts. A failure to do so may result in the imposition of sanctions against her under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority.

responses *after* Defendants were forced to file motions to compel but before the Court ruled on those motions. Even despite this supplementing, the Court still ordered more discovery responses. So attorneys' fees must be ordered here, unless Plaintiff can show evidence that one of the three exceptions to Rule 37(a)(5)(A) applies.

But Plaintiff falls well short of doing so here. Although Plaintiff does not cite Rule 37(a)(5)(A), it appears that a conclusory paragraph repeated both in her briefs tries to invoke these exceptions. In doing so, however, Plaintiff does not even cite any supportive caselaw interpreting them. This failure to provide any *legal* argument for why these exceptions should apply amounts to waiver. *See Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020) ("Because the Trustees 'failed to provide meaningful *legal* analysis' explaining how the disputed facts supported their claim for unpaid contributions for Charps's employees, the claim could not survive the defendants' motion for summary judgment." (emphasis added)).

Even if Plaintiff had not waived this argument, he would still lose on the current record. The first two exceptions clearly do not apply. First, it is undisputed that Defendants attempted to meet and confer with Plaintiff before filing the motion to compel, but he did not provide the requested discovery before the motions to compel were filed. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Second, there is no evidence that Plaintiff's discovery failures were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Defendants' discovery was unquestionably relevant and unobjectionable; indeed, Plaintiff has not argued that the discovery was irrelevant or otherwise objectionable. *See Hein v. State Farm Mut. Auto. Ins. Co.*, No. 5:22-CV-05045-LLP, 2023 WL 5804018, at *13 (D.S.D. Sept. 7, 2023) ("The party resisting sanctions bears the burden of showing

7

that its position was substantially justified . . . . Substantial justification means reasonable minds could differ as to whether the party was justified in resisting the discovery sought." (internal citations and quotations omitted)).   Moreover, Plaintiff's initial discovery responses were facially deficient, and many of his supplemental responses were not any better.   There is no substantial justification for these obvious discovery abuses.

That leaves only the last exception: whether "other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(a)(5)(A)(iii).   This appears to be what Plaintiff and Ms. Burns are invoking by opaquely arguing that Ms. Burns' personal problems and an alleged lack of prejudice justify denying attorneys' fees.   Neither provide a basis to avoid attorneys' fees here. While Ms. Burns has had family emergencies at times in this litigation, the Court provided ample extensions to accommodate these issues.   Despite these lengthy extensions, Ms. Burns continued to exhibit an extreme lack of diligence in responding to discovery.   Indeed, Ms. Burns did not even attempt to rectify the blatant discovery deficiencies until *after* Defendants tried to meet and confer in good faith, the Court set a briefing schedule on the issue, and Defendants incurred significant fees researching and briefing the motions.

And even after the responses and documents were belatedly served or supplemented following the filing of the motion to compel, many of them were still facially deficient and/or evasive.   As noted below, some of the Court-ordered responses remain deficient and/or evasive. This record of repeated deficient and evasive discovery responses coupled with the equally evasive and meritless arguments in Ms. Burns' briefing suggests gamesmanship, not simply hardship. And this gamesmanship has prejudiced Defendants by requiring them to incur unnecessary

8

attorneys' fees to get this highly relevant discovery and by preventing them from completing all necessary discovery during the discovery period.

As such, the Court finds that sanctions are required under Rule 37(a)(5)(A).  And as Rule 37(a)(5)(A) gives the Court discretion to determine who shall pay these attorneys' fees, the Court finds that it should be Ms. Burns.  Ms. Burns lack of diligence and gamesmanship led to this discovery dispute, so she should compensate Defendants for the resources she forced them to expend on this meritless dispute.   The Court next addresses the amount of fees that she must pay.

**B.  Ms. Burns shall pay Wells Fargo $4,422 and SLS $8,167.10.**

Wells Fargo seeks $4,422 and SLS seeks $9,811.90 in attorneys' fees related to the motion to compel.   Plaintiff and Ms. Burns do not dispute the amount sought by Wells Fargo.   But they briefly argue that the fees sought by SLS are unreasonable because they are double what Wells Fargo seeks and some time entries suggest SLS is seeking reimbursement for issues related to Wells Fargo's dispute.

Defendants proved their entitlement to fees under Rule 37(a)(5)(A), so now the Court must determine what were the "reasonable expenses in making the motion."   Fed. R. Civ. P. 37(a)(5)(A).   To determine the "reasonable" amount of attorneys' fees, the Court consults the lodestar calculation method.   *Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 500 (8th Cir. 2009).   This calculation is the multiplication of "a reasonable number of hours for work performed by a reasonable hourly rate."   *Id.*   The Court may then "adjust the amount based upon the particular circumstances of the case."   *Id.*

As for the hourly rates, there is no dispute they are reasonable.   The associate attorney for Wells Fargo has a rate of $268, the partners for SLS have rates of $275 and $324, and the paralegal

9

for SLS has a rate of $110. These are all reasonable. *See Gerling v. Waite*, No. 4:17-CV-02702 JAR, 2022 WL 558083, at *2 (E.D. Mo. Feb. 24, 2022); *InfoDeli, LLC v. W. Robidoux, Inc.*, No. 4:15-CV-00364-BCW, 2021 WL 1750892, at *5 (W.D. Mo. Mar. 31, 2021); *Letterman v. Burgess*, No. 5:12-CV-06136-NKL, 2016 WL 797601, at *3 (W.D. Mo. Feb. 26, 2016).

That brings the Court to whether the hours sought were reasonably expended. On this issue, Plaintiff and Ms. Burns do not challenge the 16.5 hours expended by Wells Fargo's attorneys. And the Court finds that they were not only reasonable, but on the low side for a dispute of this nature. Wells Fargo's attorneys had to research and write a motion to compel regarding numerous distinct requests for production and interrogatories. And every hour they seek reimbursement for is tightly hewn to researching and drafting their successful motion.

This leaves only the hours expended by SLS's attorneys and paralegals. As an initial matter, Plaintiff's cursory and legally unsupported challenges to SLS's hours are meritless. SLS had to expend more attorney time than Wells Fargo because SLS had more discovery responses and requests at issue than Wells Fargo did. Moreover, the Court will not reduce some entries simply because they were related to SLS reviewing or considering Wells Fargo's motion to compel dispute with Plaintiff. SLS had to review Wells Fargo's filings and correspondence because many of their discovery issues overlapped with SLS's disputes with Plaintiff. In fact, the Court appreciated this review because SLS streamlined its arguments to avoid re-plowing the same ground covered by Wells Fargo. So Plaintiff's arguments provide no basis to reduce SLS's fees.

That being said, the Court conducted a line-by-line review of SLS's fees and found some of them were not reasonably expended in making the motion to compel. Some of the fees charged were before the meet and confer process and drafting of the brief began, so the Court did not

10

consider those entries.[3]   Aside from this reduction, the Court found no basis to exclude any hours for redundancy or unreasonableness.   Much like Wells Fargo, the remaining hours sought by SLS are on the low side for the number of discovery requests at issue and amount of research and briefing required to get the discovery.   After these reductions, this leaves a total of 21.4 hours for Ms. Geoghegan, 4.3 hours for Mr. Sheppard, 4.4 hours for Ms. Stuppy, and 2.3 for Ms. Graves.

This leads the Court to a reasonable attorneys' fees total of $4,422 for Wells Fargo and $8,296.70 for SLS.[4]   Ms. Burns shall make this payment within sixty (60) days of this Order.

## II.   Plaintiff is ordered to provide supplemental discovery responses.

The Court previously ordered Plaintiff to produce additional documents and supplement his discovery responses.   ECF No. 105.   As part of their motion for sanctions, Defendants argue that Plaintiff should be excluded from presenting evidence on certain topics because he willfully ignored the Court's orders.   Plaintiff provides a meandering and largely incoherent response that does not meaningfully respond to Defendants' arguments.   The Court addresses the alleged deficient responses to Wells Fargo's discovery requests before turning to the same for SLS.

### A.   Plaintiff is ordered to supplement his responses to Wells Fargo's discovery.

With respect to Wells Fargo, the Court previously ordered Plaintiff to produce insurance records and credit reports as well as provide amended responses to Interrogatories 7–9.   ECF No. 105 at 5.   Wells Fargo argues that Plaintiff's discovery responses are still deficient.

---

[3] By so finding, the Court is not suggesting that SLS's attorneys were overbilling.   The services the Court excluded from a fee award were necessary for discovery *generally*; they just are not compensable under the fee-shifting language of Rule 37(a)(5)(A).   SLS helpfully provided letters next to each of the time entries for each biller.   ECF No. 114-1 at 3–6, 9–10.   The Court excluded entries a–k for Ms. Geoghegan and a–g for Ms. Graves.   These entries appear to be before the meet and confer process began, so they are not compensable under Rule 37(a)(5)(A).

[4] The calculations are as follows: (1) Wells Fargo's fees are 16.5 x $268 = $4,422; and (2) SLS's fees are ((21.4 x $275 = $5,885) + (4.3 x $275 = $1,182.50) + (4.4 x $110 = $484) + (2.3 x $324 = $745.20)) = $8,296.70.

The Court agrees. As for credit reports, Plaintiff only produced one. That document shows no negative reporting by Defendants. But before producing the credit report, Plaintiff signed an interrogatory response under the penalty of perjury saying he has $250,000 in credit damages. In his opposition to the instant motion, Plaintiff stipulates not to present any evidence as to credit reporting damages. That is not enough because he has not properly amended his discovery responses to reflect this. Plaintiff shall amend his response to Interrogatory 10 to reflect there are no damages arising from credit reporting and the stipulation he makes above.

On the issue of medical expenses, Plaintiff only produced one medical record for out-of-pocket expenses of $1,909.21. Before producing this document, Plaintiff stated in his response to Interrogatory 10 that he had $1,000,000 in expenses for past and future medical treatment. Moreover, in response to Interrogatory 12, he said he received medical treatment from a host of other providers. In opposition to the instant motion, Plaintiff stipulates not to present any medical expenses other than those he has records for. But like the credit reports, this stipulation in a brief is not sufficient to satisfy his ongoing duty to supplement discovery responses. Plaintiff shall amend his response to Interrogatory 10 to reflect the amount of medical expenses from the produced records and the stipulation he makes above.

The next issue is Plaintiff's ordered responses to Interrogatories 7–9. Plaintiff's prior responses were meandering, vague, and evasive answers that did not respond precisely to the question asked. The Court ordered him to amend those answers. He did so, but the amended responses are equally deficient.[5] Rather than providing a long and evasive answer like last time,

---

[5] Ms. Burns makes several arguments as to why these responses are not deficient, but the Court cannot understand them. For example, she argues the response to Interrogatory 7 is sufficient because: "As set forth in Plaintiff's answer not all of the specific dates and documents refer specifically to, or only to, the HELOC Deed of Trust, but they also do not all refer to any specific Wells Fargo Note or Deed of Trust, but refer to something Wells Fargo and a loan and

12

Plaintiff instead provided a short narrative before engaging in an indiscriminate dump of document citations. This same response was given to Interrogatories 7–9 even though they ask different questions. While a party may answer interrogatories by citing documents, many of the documents cited are completely unresponsive or irrelevant to Interrogatories 7–9. This is clear gamesmanship: Plaintiff and Ms. Burns have replaced the previous evasive narrative with equally evasive, overbroad, and burdensome document dumps. Both responses were engineered to burden Wells Fargo without answering the discovery in earnest. Plaintiff shall concisely and precisely respond to the Interrogatories 7–9 with truthful and responsive information.

The issue then becomes what is the remedy. At this juncture, the Court does not find that exclusion of evidence or dismissal of claims is warranted. The more appropriate measure is to require further discovery responses as outlined above followed by a discovery extension.

Plaintiff is ORDERED to provide these amended responses within twenty-one (21) days of this Order. This is Plaintiff's last chance. A failure to follow this Order may result in the imposition of sanctions against Ms. Burns and/or Plaintiff, exclusion of evidence, or dismissal of claims.

### B. Plaintiff is ordered to supplement his responses to SLS's discovery.

The Court previously ordered Plaintiff to amend his responses to SLS's Interrogatories 3–5 and 11. The Court, however, found that Plaintiff's amended responses and production of documents to Requests for Production ("RFPs") 10–13 were facially sufficient. SLS now argues that Plaintiff's Court-ordered amended responses to Interrogatories 3, 5, and 11 are still deficient.

---

Plaintiff's home." ECF No. 117 at 4. Despite its best efforts, the Court cannot even speculate as to what Ms. Burns is trying to say. She then largely repeats this argument in support of why the answers to Interrogatories 8 and 9 are also proper. ECF No. 117 at 5, 6. Plaintiff makes other similarly incoherent arguments like this throughout his brief. This is effectively no response at all, and it appears to be Ms. Burns further attempts at gamesmanship.

SLS also argues that Plaintiff's responses to RFPs 10–13 were not actually sufficient because they included irrelevant and unresponsive documents and contained a proviso that Plaintiff would amend her response to include more documents later.

The Court agrees with SLS on all fronts. Plaintiff's responses to Interrogatories 3, 5, and 11 are still deficient. On Interrogatory 3, Plaintiff replaced a vague and evasive narrative with an indiscriminate dump of document citations. As SLS notes, many of the cited documents are unresponsive and irrelevant. On Interrogatory 5, SLS notes—and Plaintiff does not dispute—that most of the phone numbers attributed to SLS are not theirs. On Interrogatory 11, Plaintiff cited a mélange of alleged statutory provisions that apply and then engaged in another indiscriminate dump of document citations. These responses are deficient. Plaintiff shall concisely and precisely respond to Interrogatories 3, 5, and 11 with truthful and responsive information.

In its prior Order on RFPs 10–13, the Court noted that the responses were facially sufficient and appeared to cite to "allegedly responsive" documents. ECF No. 105 at 6. SLS now argues— and Plaintiff does not dispute—that many of the cited documents are plainly unresponsive or irrelevant to these RFPs. Plaintiff shall amend these responses to include references to only those documents that are truly responsive to RFPs 10–13. Moreover, to the extent Plaintiff has any additional documents that he has not produced, he shall produce them with the amended responses.

The issue then becomes what is the remedy. At this juncture, the Court does not find that exclusion of evidence or dismissal of claims is warranted. The more appropriate measure is to require further discovery responses as outlined above followed by a discovery extension.

Plaintiff is ORDERED to provide these amended responses within twenty-one (21) days of this Order. This is Plaintiff's last chance. A failure to follow this Order may result in the

14

imposition of sanctions against Ms. Burns and/or Plaintiff, exclusion of evidence, or dismissal of claims.

### C. The Court will give Defendants three additional months to complete discovery.

Plaintiff's repeated delinquent and deficient discovery responses have hamstrung Defendants' ability to litigate this case. Because Plaintiff provided large swaths of discovery only after discovery closed and because he still has not even provided all the Court-ordered discovery, Defendants must be allowed additional time to conduct discovery. So via a separate amended scheduling order, the Court will provide Defendants with a three-month discovery extension. Since Plaintiff's discovery abuses and failures necessitated this extension, the only discovery that is allowed during this period is by Defendants.

### <u>Conclusion</u>

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motions for sanctions. Ms. Burns is ORDERED to pay attorneys' fees in the amount of $4,422 to Wells Fargo and $8,296.70 to SLS. Ms. Burns shall make this payment within sixty (60) days of this Order. Additionally, Plaintiff is ORDERED to supplement his discovery responses as specified above. Finally, the Court will amend the scheduling order via a separate order and allow Defendants to pursue additional discovery against Plaintiff and any third parties.

**IT IS SO ORDERED.**

Date: <u>November 29, 2023</u>          <u>  /s/ Greg Kays                    </u>
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT

15