# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DOUGLAS RIDDLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:22-cv-00469-DGK |
| WELLS FARGO BANK, N.A., et al., | ) ) ) |
| Defendants. | ) |

## FINAL JUDGMENT OF FORECLOSURE

THIS MATTER is before the Court on its Order Granting **(1)** the Motion for Summary Judgment filed by Defendant Specialized Loan Servicing LLC against Plaintiff Douglas Riddle and **(2)** Specialized Loan Servicing LLC's Counterclaim III for Judicial Foreclosure. The Court now enters this Final Judgment of Foreclosure. It is therefore,

**ORDERED, ADJUDGED AND DECREED** that Defendant Specialized Loan Servicing LLC, its successors and/or assigns ("SLS"), shall be, and the same hereby is, hereby awarded, and this Judgment shall constitute an order authorizing Foreclosure on the real property and improvements commonly known as 4524 Bell Street, Kansas City, Missouri 64111 (the "Property"). The legal description for the Property is:

> THE NORTH 28 FEET OF LOT 178, VOGLE HEIGHTS NO. 3, A SUBDIVISION IN KANSAS CITY, JACKSON COUNTY, MISSOURI.
>
> BEING THE SAME PROPERTY CONVEYED TO RICHARD ALLEN RIDDLE AND DIANE RIDDLE, HUSBAND AND WIFE, AND DOUGLAS RIDDLE, A SINGLE PERSON, AS JOINT TENANTS AND NOT AS TENANTS IN COMMON BY DEED FROM MICHAEL ALAN SARTAIN AND TRACY SARTAIN, HUSBAND AND WIFE RECORDED 05/21/2004 IN DEED 2004K0033725, IN THE RECORDER'S OFFICE OF JACKSON COUNTY, MISSOURI.

1

**IT IS FURTHER ORDERED** that if Defendant SLS is not paid the principal and interest found due SLS within ten (10) days after the date of this Final Judgment, that an Order of Sale then be issued out of this Court, directed to the United States Marshal, Western District of Missouri, commanding him to advertise and sell the Property according to the law and to apply the proceeds from such sale in the following order:

   a. Payment of any Marshal's fees for foreclosure, publication fees, foreclosure costs and costs incurred by SLS in prosecuting this lawsuit, including all costs taxable pursuant to 28 USC § 1920;
   b. To the payment of ad valorem taxes found to be due and unpaid on said real property, if any;
   c. As of July 5, 2024, the amount due SLS is **$89,466.03**, which includes:

| | |
|---|---|
| Principal: | $ 63,576.25 |
| Interest to 7/31/24 (3.87500%): | $  9,221.12 |
| Fees: | $    525.00 |
| Release Fees: | $     21.00 |
| Funds owed by borrower: | $ 16,122.66 |
| TOTAL DUE SLS: | $ 89,466.03 |

   *plus*

| | |
|---|---|
| Attorney's fees: | $161,604.60 |
| Costs: | $   4,881.71 |
| TOTAL FEES/COSTS: | $166,486.31 |

   and any and all sums due under the security interest, together with interest at the current statutory rate of 9% per annum from the date of this Final Judgment of Foreclosure until the Property is sold for a total amount due of:

   **GRAND TOTAL:    $225,952.34**

   d. The balance, if any, to be paid to the Clerk of the Court to abide with further orders of the Court;

**IT IS FURTHER ORDERED** that SLS, its successors and/or assigns, shall be, and the same hereby is, authorized to conduct a judicial foreclosure sale of the Property pursuant to the terms and conditions of the Security Instrument recorded under Instrument No. 2014E0009733 in the Jackson County, Missouri Real Property records (the 2014 Deed of Trust). In accordance with

the 2014 Deed of Trust, SLS has superior title to the Property with a security interest in an undivided one-half interest in the Property. SLS's Mortgage is prior and superior to all other mortgages, claims of interest, and liens upon the Property except for real estate taxes and special assessments, if any. No mortgages or liens are found herein to be prior and superior to SLS's Mortgage.

Following the sale of the Property, the United States Marshal shall deliver a Deed to the successful bidder at the sale. Should the successful bidder be SLS, SLS shall not be required to make any payment except for Marshal's fees and costs incurred to conduct the foreclosure sale unless such bid exceeds the amount of SLS's lien outlined above and then only in the amount such successful bid exceeds the amount above. The Court reserves jurisdiction to take further action and to enter further orders on SLS's Counterclaim III to include, without limitation, a Complaint for Partition of the Real Property and Order for the sale of the Property.

**IT IS FURTHER ORDERED** that this Judgment serves as a Final *in rem* Judgment against Douglas Riddle and Declaration of this Court authorizing Foreclosure of the subject Property;

**IT IS FURTHER ORDERED** that SLS, its successors and/or assigns, shall file a copy of this Judgment in the Jackson County Real Property Records within ten (10) days after the entry of this Final *in rem* Judgment; however, failure to timely record this Judgment shall not affect the validity of the foreclosure;

**IT IS FURTHER ORDERED** that SLS, shall be, and the same hereby is, awarded taxable court costs incurred in defense of this litigation in the sum of $4,881.71 (as noted above), which SLS may, at its sole discretion, assess to Plaintiff's loan. The taxable court costs are as follows:

| | |
|---|---|
| Deposition Transcript, Vol. I, [28 USC § 1920(2)]: | $ 1,108.20 |
| Deposition Transcript, Vol. II, [28 USC § 1920(2)]: | $ 1,943.02 |

| | |
|---|---|
| Deposition Transcript, Vol. II, Video [28 USC § 1920(2)]: | $ 1,566.00 |
| Pro Hac Vice cost [28 USC § 1920(1)]: | $ 100.00 |
| Medical Records Copying Costs [28 USC § 1920(4)]: | $ 136.49 |
| | $ 28.00 |
| **Taxable Court Costs Total:** | **$ 4,881.71** |

**IT IS FURTHER ORDERED** that SLS, shall be, and the same hereby is, awarded attorneys' fees, pursuant to the terms and conditions of the Security Instrument, in the sum of $161,604.60, which shall be added to Plaintiff's loan, to make the amount due under the Loan $225,952.34, as stated above.

**IT IS FURTHER ORDERED** that the Court's Order granting Defendant SLS's Motion for Summary Judgment on all claims asserted by Plaintiff Douglas Riddle against SLS is deemed FINAL.

**IT IS FURTHER ORDERED** that the Court specifically reserves jurisdiction on SLS's Counterclaim III to enter further orders the Court deems just and proper to include, without limitation, the following: Orders related to pursuit and entry of deficiency judgment if Plaintiff has not been discharged in bankruptcy; writs of possession; partition sales or orders; orders arising out of re-foreclosure, to include permitting a supplemental complaint to add an interest-holder, and/or orders involving reformation of the mortgage instrument or deed to perfect title.

4

**ORDER PREPARED AT COURT'S REQUEST BY:**

       **GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, PC**

       By: /s/ *Carolyn J. Geoghegan*
         Stephen J. Moore, #58100(MO)
         Carolyn J. Geoghegan, #49865(MO)
         Branch Sheppard, *pro hac vice*
         222 S. Central Avenue, Suite 1110
         St. Louis, Missouri 63105
         Telephone: (314) 725-0525
         Facsimile: (314) 725-7150
         smoore@gallowaylawfirm.com
         cgeoghegan@gallowaylawfirm.com

       **LEWIS RICE LLC**

       By: /s/ *Jacqueline K. Graves*
         Michael L. Jente, #MO62980
         Jacqueline K. Graves, #MO64875
          (W.D. Mo. application pending)
         600 Washington Avenue, Suite 2500
         St. Louis, Missouri 63101
         Telephone: 314-444-7600
         Fax: 314-612-7675
         mjente@lewisrice.com
         jgraves@lewisrice.com

       *Attorneys for Defendant Specialized Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was served via email to the Deputy Clerk Tracy_Strodtman@mow.uscourts.gov, and Plaintiff's counsel, Michelle Burns, michelle@burnslawkc.com on this 5th day of July, 2024.

       /s/ *Carolyn J. Geoghegan*

5