IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DOUGLAS RIDDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00469-DGK |
| ) | |
| WELLS FARGO BANK, N.A., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SPECIALIZED LOAN SERVICING LLC'S REPLY SUGGESTIONS IN SUPPORT OF ITS PROPOSED FINAL JUDGMENT OF FORECLOSURE**

COMES NOW Defendant Specialized Loan Servicing, LLC, n/k/a NewRez, LLC, d/b/a Shellpoint Mortgage Servicing ("SLS") and respectfully requests that the Court approve and enter the proposed Final Judgment of Foreclosure previously submitted by SLS [ECF # 163] and in supports states:

**I.    Background**

1. Per Order of this Court granting SLS's Motion for Summary Judgment on all counts of Plaintiff Douglas Riddle's petition and on SLS's counterclaim, SLS was ordered to submit a proposed Final Judgment of Foreclosure [ECF #155].

2. SLS filed its proposed Final Judgment of Foreclosure [ECF #163] and a Memorandum to the Court attaching its Declarations of Attorney's Fees [ECF #161].

3. Plaintiff filed his Opposition to SLS's Final Judgment of Foreclosure on August 6, 2024 ("Opposition") [ECF #166]. Plaintiff also filed a motion for extension of time to file his Opposition out of time and requested additional time to supplement his Opposition to more fully address SLS's request for attorneys' fees [ECF #167].

4. The Court granted Plaintiff's motion and ordered Plaintiff to file any additional

1

objections to SLS's request for attorneys' fees on or before August 23, 2024 [ECF #168].

5. In anticipation of Plaintiff supplementing his Opposition to SLS's proposed Final Judgment, SLS also asked for additional time up through September 6, 2024 to file a Reply [ECF #169], which the Court granted by Order of August 16, 2024 [ECF #170].

6. Plaintiff did not supplement his Opposition. SLS now submits this Reply in response to Plaintiff's Opposition filed on August 6, 2024 [ECF #166].

## II. Argument

From pages 2 – 8, Plaintiff appears to reiterate his allegations, the timeline of events, his arguments, and the Court's findings. Since the Court has already ruled on these issues by Order of May 22, 2024 [ECF #155], SLS does not revisit them.

### A. **SLS is entitled to recover the total amount due under the terms of the DOT and Note.**

Plaintiff also submitted a redlined version of SLS's proposed Final Judgment, removing all interest and fees that make up the total amount due to SLS [ECF #166-1]. Plaintiff claims that SLS has not provided a breakdown of the debt due. As further evidence and clarification of the debt due, SLS attaches hereto Exhibit 1.[1] SLS previously submitted the declaration of an SLS representative attesting to the principal amount due [ECF #153-03]; interest and fees continue to accrue, which can be calculated as set forth in the Note and pursuant to its terms [ECF #166-3]. The Court should reject Plaintiff's proposed revisions. The amounts are lawfully due, as supported under the terms of the Note and Deed of Trust. *See* Note and 2014 Deed of Trust [ECF #166-3, 166-4, respectively]. The Note and Deed of Trust further provide that reasonable attorneys' fees are recoverable by a Lender protecting its interest in the property. *See* Note, ¶6(E); DOT, ¶9 (p. 7

---

[1] The payoff quote was good through July 31, 2024; interest continues to accrue.

of 15) [ECF #166-3, 166-4]. Paragraph 9 of the DOT states:

> 9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and security and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) **paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument,** including its secured position in a bankruptcy proceeding. * * *
>
> **Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument**. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

*Plaintiff's Exhibit 4* [ECF #166-4, p. 8-9 of 19] (emphasis added).

Missouri law permits a lender to require a defaulting borrower to pay the lender's attorney's fees. *Fowler v. BAC Home Loans Servicing, L.P.*, 2015 WL 3407608, at *3 (E.D. Mo. May 26, 2015), citing *Ozark Prod. Credit Ass'n v. Walden,* 695 S.W.2d 919, 922 (Mo. App. 1985). Here, the defaulting borrower was Diane Riddle. By way of the 2019 Quitclaim Deed, Plaintiff received Diane Riddle's one-half interest encumbered by the 2014 DOT. The quitclaim conveyance came with all the disadvantages that it was liable to in the hands of the grantor/borrower. *See Pankins v. Jackson*, 891 S.W.2d 845, 847 (Mo. App. 1995); see also, *United States v. Speidel*, 562 F.2d 1129, 1132 (8th Cir. 1977)("[Q]uitclaim deeds are used to… convey full title that is encumbered by liens and defects.").

While a party may seek recovery of attorneys' fees by motion pursuant to USCA § 54(d)(2)(A) and (B), as pointed out by Plaintiff, pursuant to the terms of the DOT, SLS's attorneys'

3

fees "shall become additional debt of Borrower secured by this Security Instrument." Accordingly, at this time, SLS asks that the total fees submitted be added to the debt such that those fees are paid out of any sale of the Property.

**B. <u>SLS is entitled to its taxable court costs.</u>**

Under Rule 54(d), Fed.R.Civ.P., "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54. The specific costs that are recoverable are set out in 28 U.S.C. § 1920 and include: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; and (4) Fees for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920; *Thomas v. Draper & Kramer, Inc.*, No. 4:07CV1245 HEA, 2009 WL 1535456, at *1 (E.D. Mo. May 29, 2009). Accordingly, SLS is entitled to the taxable court costs set forth in its proposed Final Judgment, whether added to the loan at issue or assessed against Plaintiff.

**C. <u>Plaintiff's attempts to raise the affirmative defenses of laches and assumption of the risk are improper and untimely.</u>**

Plaintiff argues that the equitable defense of laches should apply to prohibit SLS from getting a "windfall" in foreclosing on the Property. He did not raise the affirmative defense of laches in his summary judgment briefing and the Court did not consider it. Plaintiff cannot for the first time, after summary judgment has been entered by the Court, raise this defense. Moreover, Plaintiff fails to explain how this defense applies to the facts of this case or how he has somehow been prejudiced by SLS not foreclosing on his property sooner.

Plaintiff also argues that SLS assumed the risk in acquiring the loan and is now without recourse. Plaintiff's attempts to raise new arguments to the Court is wholly improper particularly given the Court has already ruled that SLS is entitled to foreclose on the property. As such, SLS

4

is not without recourse.

As the Court found in its Order granting SLS summary judgment, the 2019 Quitclaim Deed was as valid conveyance to Plaintiff of his mother, Diane Riddle's encumbered interest in the Property. Accordingly, SLS asks the Court to reject Plaintiff's proposed red-lined omissions from the proposed Final Judgment and enter the Final Judgment of Foreclosure as submitted, or as the Court deems just and proper.

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, PC**

By: /s/ *Carolyn J. Geoghegan*
  Stephen J. Moore, #58100(MO)
  Carolyn J. Geoghegan, #49865(MO)
  Branch Sheppard, *pro hac vice*
  222 S. Central Avenue, Suite 1110
  St. Louis, Missouri 63105
  Telephone: (314) 725-0525
  Facsimile: (314) 725-7150
  smoore@gallowaylawfirm.com
  cgeoghegan@gallowaylawfirm.com

**LEWIS RICE LLC**

By: /s/ *Jacqueline K. Graves*
  Michael L. Jente, #MO62980
  Jacqueline K. Graves, #MO64875
   (W.D. Mo. application pending)
  600 Washington Avenue, Suite 2500
  St. Louis, Missouri 63101
  Telephone: 314-444-7600
  Fax: 314-612-7675
  mjente@lewisrice.com
  jgraves@lewisrice.com

*Attorneys for Defendant Specialized Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically with the clerk of the Court for the United States District Court for the Western District of Missouri by using the CM/ECF system on the 6th day of September, 2024. I certify that all participants in the case are registered CM/ECF users and that services will be accomplished by the CM/ECF system.

                                                    /s/ *Carolyn J. Geoghegan*