IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DOUGLAS RIDDLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-00469-DGK ) |
| WELLS FARGO BANK, N.A., et al., | ) ) ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

This case involved a dispute over residential property in Kansas City, Missouri. The Court granted summary judgment in Defendant Specialized Loan Servicing's ("SLS") favor on all claims and directed SLS to submit a proposed final judgment of foreclosure. *See* ECF No. 155. SLS's proposed order included an "award[ of] attorneys' fees, pursuant to the terms and conditions of the Security Instrument, in the sum of $161,604.60, which shall be added to Plaintiff's loan." ECF No. 163 at 4. The Court denied SLS's request for attorneys' fees noting the fee shifting provision was unenforceable against Plaintiff personally. ECF No. 179.

Now before the Court is SLS's motion to reconsider that decision pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 181. SLS's motion seeks to "clarify[] its previous argument and provid[e] additional authorities to address the concern raised by the Court." *Id.* at 2. SLS argues it "is entitled to recoup its attorney's fees from the collateral, not Plaintiff personally" and "seeks to enforce the attorneys' fees provision against the collateral." *Id.* at 3, 4.

The relevant facts are as follows. Dianne Riddle, Plaintiff's mother, signed the deed of trust—which included the attorneys' fees provision—and the promissory note. Diane is the defaulting borrower. Plaintiff is not a signatory to either the deed of trust or the promissory note. Diane quitclaimed her encumbered one-half interest in the property to Plaintiff. At that time, the

promissory note was not in default.  Diane is now deceased.  Diane's estate is not a party to this lawsuit.  The attorneys' fees at issue were incurred years after Diane passed away.

Rule 59(e) "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted).  Rule 59(e) "motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  *Id.*; *see also id.* (indicating the same considerations are used under Rule 60(b)).  Here, SLS's motion raises legal theories and arguments it could have raised in its prior briefing.  SLS's failure to clearly present and fully develop its argument is not grounds to reconsider the Court's prior order.

But even if that were not so, SLS's argument is still unavailing.  In Missouri, "attorneys' fees may be awarded when they are provided for in a contract or when they are authorized statutorily."  *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 431 (Mo. 2013) (en banc).  Here, SLS relies on a contractual provision in the deed of trust which requires a defaulting *borrower* to pay the lender's attorneys' fees incurred in protecting its interest in the property.  *See* Deed of Trust ¶ 9, ECF No. 164-4.  The attorneys' fees are considered additional debt of the *borrower* and are secured by the deed of trust.  *Id.*  The additional debt is payable "upon notice from Lender to Borrower requesting payment."  *Id.*  SLS "seeks to enforce the attorneys' fees provision against the collateral pledged when the deed of trust was executed."  Mot. at 4.

SLS's argument boils down to two questions: (1) can debt be incurred posthumously; and (2) can that posthumous debt be considered part of the instant foreclosure even though payment has not yet been sought from the decedent's estate?  Stated differently, SLS must show that the attorneys' fees attributable to Diane's estate (if even possible) are in default, thus permitting it to

recover against the property. SLS cites no caselaw addressing these important questions, and the case it does cite is inapplicable to the circumstances presented here. And the Court will not conduct legal research or construct legal arguments on SLS's behalf. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (cleaned up))

Accordingly, SLS's motion for reconsideration is DENIED.[1]

**IT IS SO ORDERED.**

Date:  December 3, 2024                    /s/ Greg Kays                    .
                                                                    GREG KAYS, JUDGE
                                                                    UNITED STATES DISTRICT COURT

---

[1] To the extent SLS's attorneys' fees were incurred, in part, from Plaintiff "multipl[ying] the proceedings . . . unreasonably," *see* 28 U.S.C. § 1927, as SLS's Reply brief suggests, there are other avenues of recovery.