IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DOUGLAS RIDDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00469-DGK |
| | ) |
| WELLS FARGO BANK, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## FINAL JUDGMENT OF FORECLOSURE

This case involved a dispute over residential property in Kansas City, Missouri. The Court granted summary judgment in Defendant Specialized Loan Servicing LLC's favor on all claims. ECF No. 155. The Court now enters this Final Judgment of Foreclosure.

Accordingly, it is ORDERED that:

1. Defendant Specialized Loan Servicing LLC, n/k/a NewRez, LLC, d/b/a Shellpoint Mortgage Servicing, its successors and/or assigns ("SLS"), shall be, and the same hereby is, awarded, and this Judgment shall constitute an order authorizing Foreclosure on the real property and improvements commonly known as 4524 Bell Street, Kansas City, Missouri 64111 (the "Property"). The legal description for the Property is:

> THE NORTH 28 FEET OF LOT 178, VOGLE HEIGHTS NO. 3, A SUBDIVISION IN KANSAS CITY, JACKSON COUNTY, MISSOURI.
>
> BEING THE SAME PROPERTY CONVEYED TO RICHARD ALLEN RIDDLE AND DIANE RIDDLE, HUSBAND AND WIFE, AND DOUGLAS RIDDLE, A SINGLE PERSON, AS JOINT TENANTS AND NOT AS TENANTS IN COMMON BY DEED FROM MICHAEL ALAN SARTAIN AND TRACY SARTAIN, HUSBAND AND WIFE RECORDED 05/21/2004 IN DEED 2004K0033725, IN THE RECORDER'S OFFICE OF JACKSON COUNTY, MISSOURI.

2. If Defendant SLS is not paid the principal and interest found due SLS within ten (10) days after the date of this Final Judgment, that an Order of Sale then be issued out of this Court, directed to the United States Marshal, Western District of Missouri, commanding him to advertise and sell the Property according to the law and to apply the proceeds from such sale in the following order:

   a. Payment of Marshal's fees for foreclosure, publication fees, and foreclosure costs;

   b. Payment of ad valorem taxes found to be due and unpaid on the Property, if any;

   c. The amount due SLS (as of October 17, 2024), which includes:

   | | |
   |---|---|
   | Principal: | $ 63,576.25 |
   | Interest (3.87500%): | $ 9,539.71 |
   | Fees: | $ 705.34 |
   | Release Fees: | $ 21.00 |
   | Funds owed by borrower: | $ 13,621.53 |
   | Total: | $ 87,463.83 |

   *plus*

   | | |
   |---|---|
   | Costs: | $ 4,881.71 |

   together which shall bear interest at the rate of 9%[1] per annum from the date of this Order until the Property is sold; and

   d. The balance, if any, shall be paid to Plaintiff Douglas Riddle.

3. SLS, its successors and/or assigns, shall be, and the same hereby is, authorized to conduct a judicial foreclosure sale of the Property pursuant to the terms and conditions of the Security Instrument recorded under Instrument No. 2014E0009733 in the Jackson County, Missouri Real Property records. In accordance with the Court's Order, *see* ECF No. 155, SLS has superior title to the Property with a security interest in an undivided one-half interest in the Property. SLS's Mortgage is prior and superior to all other mortgages, claims of interest, and liens

---

[1] The parties agree 9% is the applicable interest rate. *See* ECF Nos. 163 at 2, 166-1 at 2.

upon the Property except for real estate taxes and special assessments, if any.  No mortgages or liens are found herein to be prior and superior to SLS's Mortgage.

4. Following the sale of the Property, the United States Marshal shall deliver a Deed to the successful bidder at the sale.  Should the successful bidder be SLS, SLS shall not be required to make any payment except those specified in paragraph 2(a) unless such bid exceeds the amount due SLS as outlined above and then only in the amount such successful bid exceeds those amounts.

5. This Judgment serves as a Final *in rem* Judgment against Douglas Riddle and Declaration of this Court authorizing Foreclosure of the Property.

6. SLS, its successors and/or assigns, shall file a copy of this Judgment in the Jackson County Real Property Records within ten (10) days after the entry of this Final *in rem* Judgment.  However, failure to timely record this Judgment shall not affect the validity of the foreclosure.

7. The Court's Order granting SLS's Motion for Summary Judgment is FINAL.

8. The Court reserves jurisdiction to take further action and to enter further orders on SLS's Counterclaim III including but not limited to a Complaint for Partition of the Real Property and Order for the sale of the Property.

**IT IS SO ORDERED.**

Date:  December 18, 2024   /s/ Greg Kays                              .
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT